IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO: 2:09MJ-37 |
| | ) | |
| JEFFREY LAMAR | ) | |

# **ORDER**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court conducted a duly-noticed detention hearing on April 8, 2009, pursuant to the Government's *Motion for Detention, (Doc. 3)* wherein it invoked 18 U.S.C. § 3142(e) for the rebuttable presumption against the defendant because there is probable cause to believe the defendant committed a drug trafficking offense for which the maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 846. From all the relevant evidence, the Court concludes that the defendant should be detained pending trial in this case.

## **Part I -- Findings of Fact**

Probable cause exists for the Court to conclude the defendant committed a drug trafficking offense for which the maximum term of imprisonment of ten or more years is prescribed in 21 U.S.C. § 846. The criminal complaint and the attached affidavit stems from a series of controlled purchases of cocaine base from the defendant. The Court finds the evidence presented by the defendant does not rebut the presumption to detain him. Further, the Court finds no condition or combination of conditions will reasonably assure the safety of the community.

**Part II - Written Statement of Reasons for Detention**

The Court has duly considered all the evidence relevant to the 18 U.S.C. § 3142(g) factors. The court finds that the preponderance of the evidence does not indicate the defendant poses a serious risk of flight. Indeed, the United States concedes the defendant is not a flight risk. After full and fair consideration of the evidence, the Court finds, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The Pretrial Services report reveals the defendant, Jeffrey Lamar "Lamar" has a criminal record which spans 27 years. Lamar has at least 3 felony narcotics convictions in his criminal history. Twice, while under supervision for felony narcotics offenses, Lamar committed other narcotics related infractions. Lamar was last convicted of a narcotics offense 13 years ago. While the most recent conviction is rather remote, the evidence before the Court leads to the conclusion Lamar has not given up his involvement in felonious narcotics crimes. No credible evidence is before the Court to indicate Lamar will not continue to violate the federal narcotics laws. Task Force Agent Harrell testified that he supervised 2 controlled purchases of cocaine base from Lamar. The first controlled purchase, on February 20, 2009, was approximately 10 grams. The second controlled purchase, on March 13, 2009, was approximately 20 grams. Agent Harrell attempted to purchase 28 grams on April 1, 2009, but ceased his efforts when he determined that Lamar did not intend to deliver the cocaine which he had been paid to deliver. Agent Harrell recovered the purchase money from Lamar. The two controlled purchases took place at the detail shop

Lamar owns in Prattville, Alabama.

All of Lamar's witnesses testified they had no reason to believe Lamar was engaged in the narcotics trade during the time of the buys. Indeed, Lamar's witnesses testified that they regularly saw Lamar at the shop and they had no reason to believe or suspect the detail shop was connected with the sale of drugs by Lamar or anyone else. The testimony leads the Court to conclude that Lamar's witnesses are either woefully ignorant about Lamar's drug activities and associates, untruthful, or unable to influence Lamar to refrain from illegal activity, because they all knew about his previous narcotics convictions. Neither conclusion is helpful to Lamar, though the Court finds Lamar's witnesses did not know Lamar was still engaged in narcotics trafficking. The Court concludes Lamar will not abide by any condition or combination of conditions which will assure the safety of the community. His place of employment is the very location where the controlled purchases took place. The danger to the community is acknowledged to be inclusive of continuing criminal activity of this character, and the Court concludes that the weight of all the relevant evidence warrants the conclusion that the rebuttable presumption for detention has not been sufficiently rebutted.

## Part III - Directions Regarding Detention

Therefore, it is ORDERED that the defendant, JEFFREY LAMAR, is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of

the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Done this the 9th day of April, 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE